IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN JUAN DE LA CRUZ MARTINEZ, | ) |
| | ) No. 23-cv-2010 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| JUDGE KATHERINE B. EMERY, SR., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

      Before the Court is a Motion to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) filed by Plaintiff in the above-captioned matter.  This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned.  This matter involves civil actions brought by Plaintiff before Defendant Judge Katherine B. Emery, Sr. in the Westmoreland County Court of Common Pleas.  Plaintiff has attached a Complaint (ECF No. 1-1) to his Motion that sets forth a total of three sentences purporting to outline the factual background supporting his case against Judge Emery.  By way of his Complaint, Plaintiff attempts to bring claims against Judge Emery pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241.[1]  The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.  For the reasons that follow, the

---

[1] To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241.  *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951.  These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

1

Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but will dismiss Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. §1915(e) as both meritless and frivolous.

I.   **Background**

While the Court is required to liberally construe Plaintiff's pleadings, the Court notes, as it has in all of Plaintiff's cases, that Plaintiff's manner of pleading results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible. That said, the Court outlines the relevant allegations in the Complaint as follows:

Judge Emery presides over certain civil actions brought by Plaintiff in the Westmoreland County Court of Common Pleas. ECF No. 1-1 "Statement of the Case" at ¶ 1. Judge Emery issued an opinion in those cases with which Plaintiff does not agree. *Id*. Plaintiff asserts, in conclusory fashion and with no factual support whatsoever, that he believes that there is evidence that Judge Emery is making "rulings/orders with prejudice under false pretense," and that Judge Emery is engaged in a conspiracy with the Attorney General's Office because Judge Emery's opinion in the civil matters ruled in the opposing parties' favor. *Id.* at ¶¶ 2-3.

Plaintiff seeks injunctive relief requiring that Judge Emery recuse from Plaintiff's cases, a stay of those cases, and the assignment of a new judge. ECF No. 6 "Prayers for Relief" at ¶ 1-7.[2]

II.   **Legal Standard**

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to

---

[2] It appears that Plaintiff has copied his requests for relief from other of his complaints, as he references a motion for a new trial that was presented in his criminal case, and which is at issue in his actions at 2:23-cv-2009 and 2:23-cv-2086.

review complaints filed by persons[3] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

"[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'"  *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007)).[4]  The United States District Court for the Middle District of Pennsylvania has aptly explained and summarized:

> The term "frivolous," as used in § 1915(e)(2), includes not only inarguable legal conclusions, but also fanciful factual allegations. [*Neitzke*, 490 U.S. at 325].  As such, courts are afforded authority to dismiss those claims whose factual contentions are clearly baseless.  *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).  Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.  *See Barnes v. Mercer County Court House*, 2007 WL 16525335, *6 (D.N.J.) (dismissing claim that food served to inmates at correctional facility was hazardous to human health); *Armstead v. Briggs*, 2004 WL 339647 (D.Del.) (dismissing claim requesting that the court set up an appointment for the plaintiff with President George W. Bush so that she could tell him that she had filed a lawsuit seeking his permanent appointment as the President of the United States);

---

[3] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not.  *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. October 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000).  Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that Congress meant the statute to read "person."  The Court finds this reasoning to be persuasive.  *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

[4] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

> *Noble v. Becker*, 2004 WL 96744 (D.Del.) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); *Williams v. Werster*, 1994 WL 313111 (E.D.Pa.) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); *Robinson v. Love*, 155 F.R.D. 535 (E.D.Pa.1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

*Pavalone v. Bush*, No. CIV.A. 3:11-1620, 2012 WL 1569614, at *1 (M.D. Pa. Mar. 27, 2012), *report and recommendation adopted*, No. 3:11-CV-1620, 2012 WL 1569791 (M.D. Pa. May 3, 2012).

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of

> the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520

5

(1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

### III. Discussion

Initially, Plaintiff's current action asserts that Judge Emery has conspired with the Attorney General to violate Plaintiff's rights. Plaintiff's only basis for asserting the same is that Judge Emery issued an opinion that was not favorable to Plaintiff. The Court finds this assertion to be the type of fanciful, fantastic, or delusional assertion that renders a complaint frivolous. The Complaint's assertion of a claim for conspiracy is dismissed with prejudice as frivolous.

In an abundance of caution, and because that the Court has addressed similar claims brought by Plaintiff in his other actions, the Court further holds as follows. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "[I]n order to properly plead a Section 1983 claim, Plaintiff must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a

federally protected right." *Walthour*, 2010 WL 1877704, at *3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Initially, the *Rooker/Feldman* abstention doctrine would bar this Court from hearing Plaintiff's claims.  Under the *Rooker/Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).  Plaintiff takes issue with Judge Emery's order dismissing his civil cases with prejudice, and in doing so essentially requests that this Court invalidate Judge Emery's decisions in his cases.  This Court is barred from doing so under *Rooker/Feldman*.

Judge Emery is also entitled to judicial immunity with respect to Plaintiff's claims.  "A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction." S*alley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77, 81 (3d Cir. 2014).  The United States District Court for the District of New Jersey has explained:

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).  Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

*Bradley v. Connor*, No. CIV. 13-4099 JBS, 2014 WL 1404581, at *2 (D.N.J. Apr. 10, 2014); *see also Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006)  ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a

7

declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)).  The Supreme Court of Pennsylvania has explained:

> Judicial immunity rests upon a recognition of the necessity of preserving an independent judiciary, and reflects a belief that judges should not be hampered by fear of vexatious suits and personal liability.  It also reflects a view that it would be unfair to expose judges to the dilemma of being required to render judgments while at the same time holding them accountable to the judgment of others.  As stated in *Stump v. Sparkman,* 435 U.S. 349, 363, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331, 343 (1978) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)), "the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *See also Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 323-24, 275 A.2d 53, 56 (1971) ("The reasons for the absolute privilege are well recognized.  A judge must be free to administer the law without fear of consequences.

*Matter of XYP*, 567 A.2d 1036, 1039 (Pa. 1989).

In ruling upon motions in Plaintiff's civil cases, Judge Emery was clearly acting in her judicial capacity as the judge assigned to Plaintiff's civil cases.  Further, Judge Emery, as a judge for the Westmoreland County Court of Common Pleas, had original jurisdiction over Plaintiff's civil cases.  *See* 42 Pa.C.S.A § 931.  While Plaintiff may disagree with Judge Emery's rulings, his recourse is not a Section 1983 claim, but rather a direct appeal before the Superior Court of Pennsylvania.  Judge Emery is immune from suit related to allegations set forth in Plaintiff's Complaint, and the Motion to Dismiss will be granted on that basis.

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein.  It also bears noting that Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions.  In certain of those actions, he was permitted to file amended complaints, and still failed to set forth allegations to support a single cause of action.  The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice

## IV.     Conclusion

As discussed above, Plaintiff's Complaint is baseless and frivolous, and will be dismissed as such pursuant to Section 1915(e).  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc:     All counsel of record

       Justin Juan De La Cruz Martinez
       502 N 12th Ave
       Albany, IL 61230